NO.
12-09-00349-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CARLOS WAYNE TORREZ,                           '           APPEAL FROM THE 7TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        SMITH COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

Carlos
Wayne Torrez appeals his conviction for assault.  Appellant’s counsel has filed
a brief asserting compliance with Anders v. California, 386 U.S.
738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
pleaded guilty to the offense of assault.[1]  As charged, the offense was a third degree felony
because the grand jury alleged that Appellant knew the victim of the assault
was a public servant and that the assault occurred while the public servant was
discharging an official duty.[2]
 The grand
jury also alleged that Appellant had twice before been convicted of a felony,
that both felony convictions were final before he committed this felony, and
that one of the prior felony convictions was final before the commission of the
other prior felony.  This enhancement, if found to be true, would enhance the
sentencing range to a maximum of life in prison and a minimum of imprisonment
for twenty–five years.[3] 

As part
of a plea agreement, Appellant agreed to plead guilty as charged, to admit that
the enhancement paragraphs were true, and to admit that he was guilty of
assaulting another public servant.  The State agreed not to seek to cumulate
this sentence with that of another case for which he had already been sentenced
to prison and not to seek a conviction on the other assault charge.[4]
 

The trial
court accepted Appellant’s plea of guilty and his plea of true to the
sentencing enhancements.  Following a sentencing hearing, the trial court
assessed a sentence of life in prison.  This appeal followed.  

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.  See Anders, 386 U.S. at
745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80,
109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408B09 (“After the completion of
these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered July 21, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex. Penal Code Ann.
§ 22.01(b)(1) (Vernon Supp. 2009).

 





[2]
See id.





[3]
See Tex. Penal Code Ann. §
12.42(d) (Vernon Supp. 2009). 

 





[4]
The State agreed to allow Appellant’s admission of the other criminal charge to
be taken into consideration in the sentence to be assessed in this case.  See
Tex. Penal Code Ann. § 12.45
(Vernon 2003).